NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———————

No. 19-1547
———————

EBLER G. ARRIVILLAGA,
                                        Petitioner

v.

ATTORNEY GENERAL
UNITED STATES OF AMERICA
———————

On Petition for Review of a Decision of the
Board of Immigration Appeals
(No. A073-678-888)
Immigration Judge: Annie S. Garcy
———————

Submitted Under Third Circuit L.A.R. 34.1(a)
December 9, 2019
———————

Before: RESTREPO, ROTH and FISHER, *Circuit Judges.*

(Filed: May 5, 2020)
———————

OPINION[*]
———————

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, *Circuit Judge*.

Petitioner Ebler G. Arrivillaga[1] appeals the decision of the Board of Immigration Appeals (BIA) denying her motion to reopen based on changed country conditions and her motion to reopen *sua sponte*.

## I

Arrivillaga is a native and citizen of Guatemala. She entered the United States through San Diego, California on April 3, 1994, without inspection. And she filed an Application for Asylum and for Withholding of Deportation on February 8, 1995. Deportation proceedings commenced, and Arrivillaga failed to appear at her May 30, 1995 deportation hearing before an Immigration Judge (IJ). The IJ conducted the hearing *in absentia*, ruling that her application for relief was abandoned due to her "failure to appear and proceed" and ordering her deported to Guatemala. App. 854.

Approximately fifteen years later, on October 5, 2010, Arrivillaga filed a counseled motion to reopen and stay deportation, pursuant to 8 C.F.R. § 1003.23(b)(4)(iii), arguing that she lacked notice of her May 1995 deportation hearing— and alternatively requesting *sua sponte* reopening pursuant to § 1003.23(b)(1). She argued that she was completely unaware of her final hearing because she never received proper notification. On November 3, 2010, the IJ denied Arrivillaga's motion.

---

[1]  Petitioner is a transgender woman who goes by the name "Jessie." Petitioner's Br. 1–2. We will refer to her by female pronouns, including when referencing prior proceedings that took place before her transition.

Arrivillaga appealed the IJ's denial to the BIA.  In an October 28, 2011 opinion, the BIA affirmed the IJ.  Petitioner filed a motion to reopen and reconsider, which the BIA denied.  Arrivillaga then petitioned this Court for review.

On January 31, 2013, this Court granted the Government's unopposed motion to remand the case to the BIA to address whether Arrivillaga "received sufficient notice of his May 30, 1995 removal hearing."  Order Granting Respondent's Unopposed Motion to Remand in Lieu of Respondent's Brief, *Arrivillaga v. Att'y Gen.*, No. 11-4164 (3d Cir. Jan. 31, 2013).

On remand, the BIA directed the IJ to make factual findings and enter a new decision on Petitioner's motion to reopen.  In a July 31, 2014 opinion, the IJ again declined to reopen the case, finding ample evidence that Arrivillaga had received notice of the May 1995 deportation hearing.  The IJ again found that she abandoned her application for relief both because she failed to present it at the May 1995 hearing that she did not attend and because there was "no evidence of country condition changes regarding the treatment of homosexuals in Guatemala since 1995" that would qualify for an exception to Arrivillaga's late filing of her motion to reopen under 8 C.F.R. § 1003.23(b)(4)(i).  App. 366–67.  The IJ again declined to reopen the case *sua sponte*. Petitioner did not appeal this ruling.

Petitioner later filed a second motion to reopen and reconsider, which the IJ denied on October 30, 2014.  Petitioner appealed this denial, and the BIA dismissed her appeal on June 29, 2016.

3

Two years later, on June 26, 2018, Arrivillaga filed another motion to reopen with the BIA based on changed country conditions. This time, she explained that she is transgender, "lives full-time as a female[,] and has begun hormone therapy to cause permanent changes to her body." App. 14. And she argued that recent changes in the treatment of transgender individuals in Guatemala necessitated reopening her case.

On February 8, 2019, the BIA denied the motion, finding that Arrivillaga's evidence of country conditions did not warrant reopening under 8 C.F.R. § 1003.23(b)(4)(i). The BIA also declined to *sua sponte* reopen the proceedings. Arrivillaga now appeals the BIA's denial of her motion to reopen.

## II

### A

The BIA had jurisdiction over this case under 8 C.F.R. § 1003.2(a), (c). We exercise jurisdiction over this petition for review pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion. *Zheng v. Att'y Gen.*, 549 F.3d 260, 264–65 (3d Cir. 2008) (citing *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004)). Under the abuse of discretion standard, we must defer to the BIA's decisions "unless they are found to be arbitrary, irrational, or contrary to law." *Id.* at 265 (quoting *Guo*, 386 F.3d at 562).

### B

The record supports the BIA's refusal to reopen Arrivillaga's case due to her failure to demonstrate material, previously unavailable country conditions in Guatemala that would excuse the untimeliness of her motion to reopen. A motion to reopen

4

generally "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2); *see also* 8 U.S.C. § 1229a(c)(7)(C)(i). There is "no time limit," however, when the underlying purpose of the motion to reopen is to seek asylum and when the motion is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(i).

In determining whether a petitioner has presented material, previously unavailable evidence of changed country conditions, "we compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007). "Evidence that is 'largely cumulative' of that already in the record does not meet the burden required for reopening." *Id.* (quoting *In re Coelho*, 20 I. & N. Dec. 464, 474 (BIA 1992)). All motions to reopen, including those based on changed country conditions, must "state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B).

The Petitioner argues that conditions in Guatemala for transgender people have changed since her May 1995 deportation hearing. She explains that the 1995 U.S. Department of State Human Rights Report for Guatemala does not mention transgender individuals, whereas the 2016 Report uses the word "transgender" six times. Petitioner's Br. 4. The Petitioner's take-aways from the 2016 Report and other news sources are that

5

the Guatemalan government "attempted to implement standards for treatment of LGBT prisoners and took up its first case of trafficking involving transgender individuals" and "enacted the 'Strategy for Comprehensive and Differentiated Health Care for Trans Persons in Guatemala 2016-2030.'" Petitioner's Br. 4. She argues that, years ago, transgender people were more generally classified as "LGBT," and now, "there is a societal and governmental recognition of the unique needs of transgender individuals and the assistance and protection they may need." Petitioner's Br. 5.

Arrivillaga argues that this categorical recognition is material in that it evidences membership in a particular social group (as required for asylum) and that she could not have presented it during previous proceedings because the 2016 Report was not published until March 3, 2017. She claims that the BIA failed to address changed country conditions as they relate to "social distinction"—and that when the BIA noted that the relevant changes were "improvements," it failed to appreciate the 2016 Report's language stating that there "'was general societal discrimination against LGBTI persons.'" Petitioner's Br. 6 (quoting App. 115).

In denying Petitioner's motion, the BIA noted, and Petitioner concedes, that Petitioner's "transition from male to female constitutes changed personal circumstances, not 'changed circumstances arising in the country of nationality.'" App. 3; *see also Khan v. Att'y Gen.*, 691 F.3d 488, 497 (3d Cir. 2012) ("This claim for asylum relief is based on changes in the petitioners' personal circumstances in the United States and is not 'based on changed country conditions' in Pakistan."); *Liu v. Att'y Gen.*, 555 F.3d 145, 148 (3d Cir. 2009) ("[T]he birth of Liu's children in the United States was a change in her

6

personal circumstances and not a change in conditions in China.").  The BIA also addressed Petitioner's evidence of country conditions head-on and explained that "[t]o the extent that the evidence shows a change in country conditions, that change would appear to be an improvement in the treatment of members of the LGBTI community, and towards transgender persons in particular."  App. 3.  The BIA further stated that

> [a]s the respondent points out in her motion, Guatemala has recently implemented a strategic plan to address the unique health concerns of transgender individuals, has implemented new prison standards for LGBTI prisoners, and a transgender rights bill was introduced in Guatemala's congress (Respondent's Motion at 14-15; Exh. 8-13).  While violence remains a significant concern in Guatemala, the respondent did not identify any part of the country condition evidence that specifically addresses conditions in Guatemala as materially different than at the time of her last hearing.

App. 3–4.

Regarding the Petitioner's argument that her asserted changed country conditions demonstrate *social distinction*, a point she says the BIA "did not address," Petitioner's Br. 6, we find that the BIA sufficiently addressed this when it stated that "that change would appear to be an improvement in the treatment of members of the LGBTI community, and *towards transgender persons in particular*."  App. 3 (emphasis added). In other words, the BIA appreciated the distinction the Petitioner is making and concluded that Petitioner has not shown that transgender individuals face worse circumstances than other LGBTI individuals or that relevant circumstances have worsened since her May 1995 hearing.  The BIA's denial of Petitioner's motion to reopen is rooted in evidence and does not constitute an abuse of discretion.

7

## C

We lack jurisdiction to address the BIA's refusal to *sua sponte* grant the Petitioner's motion to reopen and must dismiss this claim. The BIA has exceedingly broad discretion to decide whether to reopen a case. *See* 8 C.F.R. § 1003.2(a). "Because the BIA retains unfettered discretion to decline to *sua sponte* reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion to reopen or reconsider the case." *Calle-Vujiles v. Ashcroft*, 320 F.3d 472, 475 (3d Cir. 2003). This Court may only exercise jurisdiction to review a BIA decision rejecting a motion for *sua sponte* reopening "to the limited extent of recognizing when the BIA has relied on an incorrect legal premise" or when the BIA irrationally departs from a settled course of agency adjudication. *Pllumi v. Att'y Gen.*, 642 F.3d 155, 160 (3d Cir. 2011); *M.B. v. Quarantillo*, 301 F.3d 109, 112–13 (3d Cir. 2002) (citing *INS v. Yang*, 519 U.S. 26, 32 (1996)).

The Petitioner argues that we can exercise jurisdiction here because the BIA "did not address the documentation" Petitioner presented to support changed country conditions "in its short paragraph addressing *sua sponte* reopening." Petitioner's Br. 11. But this is not the case. The BIA made it clear that in declining to *sua sponte* reopen the case, it considered the "totality of [the] circumstances," which it addressed in sufficient detail in the course of its analysis of changed country conditions under 8 C.F.R. § 1003.23(b)(4)(i). App. 4. We accordingly must dismiss this claim for lack of jurisdiction over the BIA's refusal to *sua sponte* reopen Arrivillaga's case.

**III**

For the foregoing reasons, we will deny in part and dismiss in part the petition for review.